UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRENT Z.,

      Plaintiff,

v.

Carolyn Colvin,
*Acting Commissioner of Social Security*,

      Defendant.

Case No. 22-CV-511 (JWB/JFD)

**ORDER GRANTING ATTORNEY'S FEES AND COSTS**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) (Dkt. No. 31), which is unopposed by Defendant (Dkt. No. 33). Because the Court finds that the requested amount is reasonable under the law, the motion is granted. See *Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002) (holding that § 406(b) requires independent judicial review of fee arrangements to ensure reasonableness of attorney fee awards in individual cases).

**I. BACKGROUND**

People with disabilities can qualify for financial support from the Social Security Administration ("SSA") through one or both of its assistance programs: the Disability Insurance ("DIB") Program under Title II of the Social Security Act and the Supplemental Security Income ("SSI") Program under Title XVI of the Act. *Smith v. Berryhill*, 587 U.S. —, 139 S. Ct. 1765, 1772 (2019) (citing *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988)). Plaintiff filed for assistance under both programs.

Plaintiff was denied benefits and filed a complaint against the Social Security Administration ("SSA") challenging its decision in March 2022. (Compl., Dkt. No. 1.) Plaintiff hired attorneys Wes Kappelman and Gregg B. Nelson to represent him on a contingency basis. (Ex. 1, Dkt. No. 32-1.) The fee agreement between them provided that if he was successful in his appeal of the SSA's decision, he would pay the attorneys 25% of the benefits that accrued before the SSA made a decision in his favor, which are called "past due benefits." (*Id.*) 20 C.F.R. § 404.1703. In exchange, the attorneys would represent Plaintiff through his appeal of the SSA's decision. (*Id.*)

After the administrative record was filed, the parties each moved for Summary Judgment. (Dkt. No. 14; Dkt. No. 16.) This Court found that the SSA made an error of law in determining that Mr. Zelinske was not eligible for benefits and recommended that the District Court remand the matter to the SSA on January 29, 2023. (Dkt. No. 22.) After neither party objected, District Judge Jerry W. Blackwell accepted the Report and Recommendation of this Court and remanded the matter to the SSA on March 8, 2023. (Dkt. No. 24.) Plaintiff sought attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and this Court granted $4,420.59 in attorney's fees and $100 in costs. (Order Granting Attorney's Fees and Costs 2, Dkt. No. 30.)

On remand, the SSA found Plaintiff qualified for benefits. (See Ex. 2, Dkt. No. 32-2.) In an August 14, 2024 letter, the SSA told Plaintiff that he was eligible for benefits starting in May 2019 and set out the schedule for the maximum he could receive in monthly benefits. (Ex. 2.) Counsel represents that 25% of these past due benefits equals $25,786.50 through December of 2023 and that the SSA's calculation of 25% of past due benefits

equals $25,959.43. (Pl.'s Mot. for Att'ys Fees 2, Dkt. No. 31.) Counsel assumes that this discrepancy is attributable to the SSA recalculating "2024 benefits at a slightly higher rate than [Mr. Zelinske] had previously been paid," but nonetheless uses the lesser amount in its calculations of attorneys' fees to be collected. (*Id.*)

Counsel now seeks $18,586.50 in attorney's fees for the 18.75 hours they worked on the case in federal court. (*Id.* at 3.) This amount, counsel states, is equal to 25% of the past due benefits ($25,786.50) minus the $7,200 counsel is seeking before the SSA under 42 U.S.C § 406(a), pursuant to the fee agreement between Mr. Zelinske and his counsel. (*Id.*)

## II. LEGAL STANDARD

42 U.S.C. § 406(b) provides that when a court enters a judgment favorable to a SSA claimant who is represented by an attorney in court, the court can "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). *Gisbrecht*, 535 U.S. at 795. Congress passed this law to discourage (1) fee arrangements which were "yielding exorbitant fees," and (2) attorneys from elongating legal proceedings to increase the amount of past-due benefits, and as a result, their fee. *Id.* at 804–05. The Supreme Court has explained that the statute caps what attorneys can recover for practicing before the U.S. District Court—25% of the claimant's past due benefits—and required that courts review fee "arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807–08; *Culbertson v. Berryhill*, 586 U.S. 53, 53 (2019). Counsel have the burden of

showing the Court that they seek no more than 25% of their client's past-due benefits and that the amount they seek is reasonable. *Gisbrecht*, 535 U.S. at 807–08.[1]

A Social Security claimant who wins in court is also entitled to attorney's fees under the Equal Access to Justice Act ("EAJA") if the SSA took a legal position in the case that was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(1)(A)).[2] But attorneys cannot recover both EAJA and § 406(b) fees; if a court awards both, the attorneys must give the smaller of the two fee awards to the claimant. (*Id.*) While the EAJA and § 406(b) appear alike, they come from different sources; EAJA fees come from the Social Security Administration (as a penalty for taking the position it did) while § 406(b) awards come from the claimant's past due benefits (as a deduction to pay their lawyers). *Theodoros K. v. Kijakazi*, No. 20-CV-2228 (KMM-ECW), 2023 WL 4621896, at *3 (D. Minn. July 19, 2023).

### III. ANALYSIS

In assessing whether an attorney's fee request under § 406(b) is reasonable, courts look to the fee agreement in the case and consider the "character of the representation and the results the representative achieved." *Williamson v. Kijakazi*, No. 21-CV-2034 (SRN/LIB), 2023 WL 8295270, at *2 (D. Minn. Dec. 1, 2023) (quoting *Gisbrecht*, 535

---

[1] 42 U.S.C. § 406(b) applies not only to DIB claimants like Plaintiff, but also to SSI claimants under Title XVI. *Pajdee T. v. Kijakazi*, No. 22-CV-1260 (ECW), 2023 WL 8432852, at *2 (D. Minn. Dec. 5, 2023) (citing 42 U.S.C. § 1383(d)).

[2] EAJA fees can be reduced (or "offset") if the claimant already owes money to the government *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). There were no offsets in this case. (Pl.'s Mot. Att'ys Fees at 2.)

U.S. at 807). Courts can decrease the fee awarded if counsel performed poorly, if counsel caused unnecessary delay, or if counsel's fee is too large considering how much time they spent on the case. *Id.*; *Sue V. v. Kijakazi*, No. 20-CV-462 (LIB), 2023 WL 9118730, at *2 (D. Minn. Nov. 1, 2023)

Counsel has not articulated what the full past due benefits are in this case, but they have averred that 25% of the past due benefits is either $25,786.50 or $25,959.43, meaning the total past due benefits are at least $103,146 by counsel's reckoning. (Pl.'s Mot. for Att'ys Fees 2, Dkt. No. 31 ($25,786.50 multiplied by 4 equals $103,146.).) This Court has already awarded $4,420 in EAJA fees, and counsel seek a § 406(b) award of $18,586.50 for 18.75 hours of work. (Ex. 2.) That fee averages out to $991.28. On its face, this seems excessive, and it is on the high end of what courts in this District have found reasonable. *See Shane T. v. Saul*, No. 18-CV-634 (BRT), 2020 WL 5743075, at *2 (D. Minn. Sept. 25, 2020) (permitting a $21,646.25 contingency fee from a $86,585.50 award, which averaged to an hourly rate of $775.85, which at first seemed "excessive" to the Court); *Jody A. E. v. Saul*, No. 16-CV-969 (MJD/BRT), 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019) (permitting a $29,388.25 contingency fee from a $117,553.00 award, averaging to an hourly rate of $1,229.63); *Smith v. Astrue*, No. 06-CV-2091 (ADM/AJB), 2008 WL 2609443, at *24 (D. Minn. June 24, 2008) (permitting a $30,066.50 contingent fee from a $120,000 disability award, averaging to an hourly rate of $1,141.91).

Nevertheless, the Court will not reduce the award requested. There is no indication that counsel performed poorly; counsel was able to win a motion for summary judgment over opposition and counter motion for summary judgment by the SSA. Counsel did not

cause unnecessary delay, and timely moved for fees after receiving notice of their client's past due benefits on August 14, 2024.

Finally, binding Supreme Court precedent has "accepted the twenty-five percent contingent fee as an appropriate starting point for determining the reasonable fees due to a claimant's attorney given that contingency fee agreements" are ubiquitous in this area of law. *Jody A. E.*, 2019 WL 4928921, at *2. The Court notes that counsel in this case have capped their fees for both representation before the SSA (under § 406(a)) and before this Court (under § 406(b)) at 25% of their client's past due benefits, when the Supreme Court has said that such a cap applies only to fees awarded before the District Court. (Pl.'s Mot. Att'ys Fees 4 n.2 (citing *Culbertson v. Berryhill*, 139 S. Ct. 517, 523-24 (2019)). Counsel also used the smaller of two potential calculations of 25% of past due benefits to calculate the fees to which they were entitled. As a result, their request for fees before this court is a fraction of the 25% maximum they could attempt to get for proceedings before this Court alone, which supports a finding of reasonableness.

### IV. CONCLUSION

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion (Dkt. No. 31) is **GRANTED**;

2. The Social Security Administration will pay Gregg B. Nelson $18,586.50 in attorney's fees under 42 U.S.C. § 406(b) no later than 30 days from the date of this Order;

3. Plaintiff's counsel will refund Plaintiff the $4,420.59 this Court awarded them under the Equal Access to Justice Act, 28 U.S.C. § 2412, no later than 30 days from the date Mr. Nelson receives his funds.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: December 17, 2024

s/ *John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge